BIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROMULO PAREDES | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LINCOLN BELMONT BUILDING LLC | ) |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Romulo Paredes, by and through his attorneys, Becerra Law Group, LLC, for his complaint against Lincoln Belmont Building LLC (herein "Defendant"), state as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Employee Classification Act, 820 ILCS 185/1 *et seq.* ("ECA").

2. Plaintiff worked in excess of 40 hours per week but was not paid overtime wages at the rate of one and a half times his regular rate of pay for all time worked in excess of 40 hours per week.

3. Plaintiff has been paid less than the minimum wage in Illinois and City of Chicago minimum wage.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

6. Plaintiff Romulo Paredes resides and is domiciled in this judicial district.

7. Plaintiff Romulo Paredes is a current employee of Defendants and is employed by Defendant in this judicial district. During the course of his employment, Plaintiff Romulo Paredes handled goods that moved in interstate commerce, including but not limited to paint, lightbulbs, and detergents.

8. Defendant Lincoln Belmont Building LLC (hereinafter "Belmont"), is an Illinois limited liability Company doing business within this judicial district. Defendant Belmont is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

9. Belmont was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3, and the ECA, 820 ILCS 185/5.

10. Belmont has the authority to hire and fire employees, the authority to classify employees, the authority to direct and supervise the work of employees, and have the authority to participate in decisions regarding employee compensation.

**FACTUAL ALLEGATIONS**

11. Belmont manages apartment buildings and properties in the Northern District of Illinois.

12. Plaintiff is a laborer who is employed by Defendant to perform maintenance work including, but not limited to, cleaning bathrooms, cleaning windows, knocking down walls, cleaning and removing carpets, throwing out trash, changing light bulbs, and opening doors when tenants lose or forget their keys in two buildings in Chicago, Illinois.

13. Defendant manages Plaintiff's work, including the number of hours he works and the locations where Plaintiff performs that work.

14. Defendant dictates, controls, and ratifies the wages earned and hours worked and all related employee compensation policies.

15. Defendant pays the Plaintiff $10.00 per hour.

16. At all times, the Defendant has maintained and continues to maintain direct supervisory authority over Plaintiff.

17. Defendant provides all of the materials Plaintiff uses to perform his work.

18. Plaintiff has been working exclusively for Defendant from 2004 to present.

19. Defendant did not pay payroll taxes for the wages Plaintiff earned to the United States and the State of Illinois that are required of employers and not required for independent contractors.

20. Defendant failed to pay Plaintiff at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours in a single work week in violation of the FLSA, the IMWL, and the ECA.

21. Plaintiff worked 50 hours and was paid $602.50 on March 28, 2019 for the

preceding 7 day pay period.

22. Plaintiff worked 50 hours and was paid $602.50 on April 18, 2019 for the preceding 7 day pay period.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

23. Plaintiff hereby realleges and incorporates paragraphs 1 through 22 of this Complaint, as if fully set forth herein.

24. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., for Defendant's failure to pay overtime wages to Plaintiffs.

25. Plaintiff worked for Defendant and was an "employee" of Defendant as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

26. Defendant is Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

27. During the course of his employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

28. Plaintiff is not an independent contractor.

29. Plaintiff is directed by Defendant to work, and did work, in excess of 40 hours per week in certain work weeks.

30. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he is entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

31. Defendant did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time he worked in excess of 40 hours in individual workweeks.

32. Defendant's failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

33. Defendant's failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

34. Defendant willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other non-exempt employees overtime wages for hours worked in excess of 40 hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time each Plaintiff worked in excess of 40 hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorney fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

35. Plaintiff hereby realleges and incorporates paragraphs 1 through 34 of this Complaint, as if fully set forth herein.

36. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

37. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiffs brings this action pursuant to 820 ILCS 105/12(a).

38. At all relevant times herein, Defendant was Plaintiff's "employer" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendant's "employee"

within the meaning of that Act.

39. During the course of his employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

40. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff is entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

41. Defendant failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

42. Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

43. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

    A. A judgment in the amount of one and one-half times the City of Chicago minimum wage rate for all time Plaintiff worked in excess of 40 hours per week;

    B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C. Reasonable attorney fees and costs incurred in filing this action; and

    D. Such other and further relief as this Court deems appropriate and just.

### COUNT III
### Violation of the Illinois Minimum Wage Law –Failure to pay the minimum wage rate

44. Plaintiff hereby realleges and incorporates paragraphs 1 through 43 of this Complaint, as if fully set forth herein.

45. This count arises from Defendant's violation of the IMWL for Defendants' failure

and refusal to pay Plaintiff the minimum City of Chicago wage rate.

46. Throughout the course of his employment with Defendant, Plaintiff has not been compensated of the appropriate wage rate. .

47. Plaintiff is entitled to be paid at least the City of Chicago minimum wage rate for all time worked.

48. Defendant's failure to pay Plaintiff the City of Chicago minimum wage rate for all time worked violated the minimum wage provisions of the IMWL.

49. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages plus punitive damages.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

    A. A judgment in the amount of all wages due;

    B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C. Reasonable attorney fees and costs incurred in filing this action; and

    D. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
**Violation of the Fair Labor Standards Act – Failure to pay the minimum wage rate**

50. Plaintiff hereby realleges and incorporates paragraphs 1 through 49 as though set forth herein.

51. This Count arises from Defendant's violation of the FLSA for their failure and refusal to pay Plaintiff the City of Chicago minimum wage rate.

52. During the course of Plaintiff's employment with Defendant, Defendant has failed to compensate Plaintiff of the appropriate rate.

53. Plaintiff was entitled to be paid at least the City of Chicago minimum wage for all time worked.

54. Defendant's failure to pay Plaintiff his wages violated the minimum wage hour provisions of the FLSA.

55. Defendant willfully violated the FLSA by refusing to pay Plaintiff of the appropriate wage rate.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

    A.    A judgment in the amount of all wages due;

    B.    Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff is found to be due and owing;

    C.    Reasonable attorney fees and costs incurred in filing this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Employee Classification Act – Employee Misclassification

56. Plaintiff hereby realleges and incorporates paragraphs 1 through 55 of this Complaint, as if fully set forth herein.

57. This count arises from Defendant's violation of the ECA, 820 ILCS 185/1 *et seq.* for their failure to properly classify Plaintiff as an "employee" and its failure to pay Plaintiff his earned wages as required by the IMWL.

58. During the course of his employment with Defendant, Plaintiff was Defendant's "employee" as defined by the ECA, 820 ILCS 185/10.

59. For his work, Defendant controls and supervises Plaintiff's work, provides materials, and controls Plaintiff's work schedule.

60. Plaintiff performs work that was inside the normal course of services provided by

Defendant's business.

61. Pursuant to 820 ILCS 185/60, Plaintiff is entitled to recover unpaid wages for the three years prior to the filing of this suit, plus liquidated damages and additional compensatory damages.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of all back wages due under the IMWL as set forth more fully in this Complaint;

B. Liquidated damages as provided for by the ECA, 820 ILCS 185/60(a)(1), in an amount equal to the amount of unpaid wages as provided by the IMWL;

C. Compensatory damages as provided for by the ECA, 820 ILCS 185/60(a)(2);

D. Statutory damages in an amount of up to $500 for each violation of the ECA, 820 ILCS 185/60(a)(2);

E. Reasonable attorney fees and costs of this action; and

F. Such other and further relief as this Court deems appropriate and just.

Dated: May 25, 2021

Respectfully submitted,

**ROMULO PAREDES**

By: /s/Carlos G. Becerra
One of Plaintiff's Attorneys

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams, Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
Email: cbecerra@law-rb.com