IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROMULO PAREDES<br><br>*Plaintiff*,<br><br>v.<br><br>LINCOLN BELMONT BUILDING LLC, GS LINCOLN-BELMONT MANAGER, INC. and ROBIN SOLOMON, individually,<br><br>*Defendants*. | 21-cv-2815<br><br>Hon. Charles P. Kocoras |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff Romulo Paredes ("Plaintiff"), and Defendants, Lincoln Belmont Building LLC, GS Lincoln-Belmont Manager, Inc. and Robin Solomon (collectively, "Defendants") (Plaintiff and Defendants are, collectively, the "Parties" or individually, a "Party"), respectfully submit the following Joint Motion for Approval of Settlement Agreement. In support thereof, the Parties state as follows:

**Introduction**

1. The Parties respectfully move this Court to approve the proposed settlement reached by the Parties and memorialized in their Confidential General Release and Settlement Agreement (the "Settlement Agreement" or "Settlement").

2. The Parties submit that the proposed Settlement is fair and reasonable. The Settlement was achieved during arms-length negotiations between the Parties, conducted by experienced counsel, after hard-fought litigation.

3. The Settlement achieves both sides' primary objectives. For Plaintiff, the Settlement ensures Plaintiff will be paid promptly for wages he alleges are due to him under the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Act ("IMWA"), and the

72984688v1

Employee Classification Act ("IECA"). Likewise, for Defendants, the Settlement ensures finality and offers Defendants the ability to resolve these claims without the burden and expense of litigation, and without an admission of liability or wrongdoing.

4. The Parties agree that a material term of the Settlement is confidentiality. Therefore, consistent with this Court's prior Order, the Parties will submit the Settlement Agreement to the Court for *in camera* review.

5. The Parties further agree that, if the Court so requires, the Parties will appear before the Court for an *in camera* hearing for the purpose of providing the Court with a verbal explanation of the breakdown of the total settlement amount, including why the sum agreed to by the Parties is reasonable under the FLSA, IMWA and the IECA.

## THE LAWSUIT

6. Plaintiff asserted claims under the FLSA (Counts I and IV), the IMWL (Counts II and III), and the IECA (Count V).

7. Defendants deny any liability or wrongdoing in this case. As such, the Parties acknowledge that should this case proceed, many *bona fide* disputes over legal and factual issues will have to be litigated, the ultimate resolution of which will substantially impact the outcome of these matters.

8. Plaintiff filed this lawsuit in May of 2021, and the Parties actively litigated this case since that time.

9. Defendants filed a motion to dismiss, arguing that Plaintiff's Counts I through IV all rest on a conclusory allegation that the City of Chicago minimum wage rate applies. In addition, Defendants argued that Count V fails because none of Defendants are a construction contractor, as is required, for the IECA to apply. In fact, Plaintiff expressly alleges to the contrary that Defendants "manage apartment buildings and properties in the Northern District of Illinois."

10. In January, 2022, the Court granted Defendants' motion to dismiss for failure to state a claim upon which relief can be granted, and dismissed three of the five Counts of the Amended Complaint. Dkt. No. 20. Only Counts I and II (relating to allegations of non-payment of overtime) survived the motion to dismiss.

11. Following that ruling, the Parties began discussing the possibility of settlement. On March 8, 2022, the Parties advised the Court that they had anticipated that they would be able to reach a settlement in principle. Dkt. No. 23.

## THE SETTLEMENT

12. The proposed Settlement eliminates the time, cost, and uncertainty that would be occasioned by further litigation of the issues.

13. If approved by the Court, the Settlement will more than compensate Plaintiff for the amount that Plaintiff claimed in allegedly unpaid and underpaid (though disputed) wages and overtime, and all other claims for damages, attorneys' fees, and other relief.

## THE PROPRIETY OF APPROVAL

14. It is customary in the Seventh Circuit for parties to request court approval of settlements to ensure a valid and enforceable release of an FLSA claim. *See*, *e.g., Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (citing *Lynn's Food Stores, Inc. v. Dep't of Labor,* 679 F.2d 1350, 1352–53 (11th Cir. 1982)); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2001 WL 1403007, at *6 (N.D. Ill. Nov. 7, 2001).

15. When reviewing a proposed settlement releasing claims of unpaid wages, the district court should review the settlement and decide whether it is a "fair and reasonable resolution of a *bona fide* dispute." *Lynn's Food Stores, Inc.,* 679 F.2d at 1353, 1355. If a settlement reflects a reasonable compromise over issues, such as statutory coverage or computation of wages that are

72984688v1

actually in dispute, the court should approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

16. Here, the Parties have fiercely debated a number of factual and legal issues for since filing of the suit, and they would continue to do so absent the Settlement. Among other issues, the Parties disagree whether Defendants are covered by the City of Chicago Minimum Wage Ordinance or the IMWA. The Parties further disagree about whether Plaintiff was compensated correctly.

17. The resolution of these issues could affect Plaintiff's potential recovery dramatically, and they may not recover at all. However, resolving these factual and legal issues could only be accomplished after costly and burdensome discovery and litigation. And, at the end of the day, both sides would face a greater degree of risk than they are currently willing to accept.

18. In light of these realities, the Parties believe that the Settlement is the best way to resolve the disputes between them, and, given the contested nature of the underlying litigation, the Court should likewise conclude that the Settlement is fair. *See Lynn's Food Stores, Inc*., 679 F.2d at 1354 (recognizing that courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as indicia of fairness); *Roberts v. Apple Sauce, Inc*., No. 12-cv-830, 2014 WL 4804252 (N.D. Ind. Sept. 25, 2014) ("The reviewing Court normally approves a settlement where it is based on 'contentious arm's-length negotiations, which were undertaken in good faith by counsel' and where 'serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.'") (internal citations omitted).

19. Furthermore, in reviewing the record and evaluating the strength of the case to determine whether a proposed settlement is "a fair and reasonable resolution of a *bona fide* dispute," *Lynn's Food Stores, Inc.*, 679 F.3d at 1355, courts consider the following non-exclusive factors: "(1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the Plaintiff[s] to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation." *Butler v. American Cable & Telephone, LLC*, No. 09 CV 5336, 2011 WL 4729789, at *9, n.9 (N.D. Ill. Oct. 6, 2011). In this instance, the Settlement meets all applicable factors considered by courts, rendering it fair and reasonable.

20. As an initial matter, the Settlement appropriately factored in the complexity, risk, expense, likely duration of the litigation, and the range of reasonableness of the settlement in light of the best possible recovery. Moreover, the Settlement is not the product of fraud or collusion. Instead, the Settlement was reached in an adversarial proceeding through arm's length negotiations between capable attorneys who have extensive experience litigating employment law claims. More specifically, the Parties engaged in negotiations since December, 2021 before reaching a settlement in principle, including discussion of the computation of alleged unpaid wages. Additionally, counsel for the Parties were thoroughly familiar with the facts and legal issues when settlement was reached. In the end, experienced counsel on both sides of the matter deemed the settlement fair and reasonable.

72984688v1

21. The Settlement guarantees Plaintiff will receive a monetary settlement nearly immediately, instead of hoping for a possible judgment at an unknown future date after the Parties engage in discovery, briefing on motions for summary judgement, and a trial. Furthermore, the Parties recognize that the issues in this case lend themselves to grounds for appeal of any final decision, regardless of the prevailing party, and have taken the likelihood of an appeal into account in considering the merits of the potential Settlement. The Settlement Agreement thus allows the Parties to put this case behind them so that they can eliminate the distractions of litigation and focus on other matters.

22. In sum, the Parties are satisfied and jointly represent to the Court that the Settlement Agreement fairly resolves the dispute between them in the instant action. The Parties stipulate to the dismissal with prejudice of the instant action upon Court approval. Accordingly, the Parties request that the Court approve the Settlement Agreement as a fair and reasonable resolution of a *bona fide* dispute under the FLSA, IMWA and ECA.

## CONCLUSION

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement, after *in camera* review, and dismiss the matter with prejudice.

Dated: March 30, 2022

Respectfully Submitted,

By: */s/ Heather A. Jackson*
On behalf of Defendants

Heather A. Jackson
hjackson@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
(312) 527-4000

72984688v1

*/s/ Carlos G. Becerra* (with consent)
On behalf of Plaintiff Romulo Paredes

Carlos G. Becerra
cbeccera@law-rb.com
11 E. Adams, Suite 1401
Chicago, Illinois 60603
(312) 957-9005

72984688v1